09-1632-cv
Reiseck v. Universal Communications of Miami, Inc.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term 2009

(Argued: December 14, 2009                    Decided: January 11, 2010 )

Docket No. 09-1632-cv

LYNORE REISECK,

       *Plaintiff-Appellant*,

       v.

UNIVERSAL COMMUNICATIONS OF MIAMI, INC., doing business as Universal Media, BLUE HORIZON MEDIA, INC., DOUGLAS GOLLAN, CARL RUDERMAN, GEOFFREY LURIE, DAVID BERNSTEIN,[*]

       *Defendants-Appellees*.

Before: CABRANES and PARKER, *Circuit Judges*, and AMON, *District Judge*.[**]

———————————

Plaintiff Lynore Reiseck appeals from a March 27, 2009 judgment of the United States District Court for the Southern District of New York (Thomas P. Griesa, *Judge*) granting summary judgment to defendants Universal Communications of Miami, Blue Horizon Media, Douglas Gollan, Carl Ruderman, Geoffrey Lurie, and David Bernstein on plaintiff's various claims of employment discrimination and violations of federal, state, and local laws. Specifically, plaintiff alleged that defendants (1) discriminated against her on the basis of sex, in violation of New York state and New York City law, N.Y. Exec. Law. § 296(1)(a); N.Y. City Admin. Code § 8-107; (2)

---

[*] The Clerk of Court is directed to amend the official caption to conform to the listing of the parties stated above.

[**] The Honorable Carol Bagley Amon, of the United States District Court for the Eastern District of New York, sitting by designation.

discriminated against her on the basis of her recreational activities, in violation of New York state law, N.Y. Lab. Law § 201-d(2)(c); (3) withheld her overtime pay, in violation of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 207(a), and New York state law, N.Y. Comp. Codes R. & Regs., tit. 12, § 142-3.2; and (4) withheld commissions that she had earned, in violation of New York state law, N.Y. Lab. Law § 191-c(1).  On appeal, plaintiff argues that the District Court erred in granting defendants' motion for summary judgment in their favor.  We write to address in particular plaintiff's argument that the District Court erred in concluding that she was not eligible for overtime pay because she fell within the so-called "administrative exception" to the FLSA.  29 U.S.C. § 213(a)(1).

In a related but separately filed summary order, we dispose of Reiseck's other claims of error.

Vacated in part and remanded.

> JOHN K. DIVINEY, (Gina Ianne Grath, *on the brief*), Alan B. Pearl & Associates, P.C., Syosset, NY, *for Plaintiff-Appellant.*
>
> DANA SUSMAN, (S. Reid Kahn, *on the brief*), Kane Kessler, P.C., New York, NY, *for Defendants-Appellees.*

JOSÉ A. CABRANES, *Circuit Judge*:

Plaintiff Lynore Reiseck ("plaintiff" or "Reiseck") appeals from a March 27, 2009 judgment of the United States District Court for the Southern District of New York (Thomas P. Griesa, *Judge*) awarding summary judgment to defendants Universal Communications of Miami ("Universal"), Blue Horizon Media, Douglas Gollan, Carl Ruderman, Geoffrey Lurie, and David Bernstein (together

"defendants")[1] on plaintiff's various claims of employment discrimination and violations of federal, state, and local laws.  Specifically, plaintiff alleged that defendants (1) discriminated against her on the basis of sex in violation of New York state and New York City law, N.Y. Exec. Law. § 296(1)(a); N.Y. City Admin. Code § 8-107; (2) discriminated against her on the basis of her recreational activities, in violation of New York state law, N.Y. Lab. Law § 201-d(2)(c); (3) withheld her overtime pay, in violation of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 207(a), and New York state law, N.Y. Comp. Codes R. & Regs., tit. 12, § 142-3.2; and (4) withheld commissions that she earned, in violation of New York state law, N.Y. Lab. Law § 191-c(1).  On appeal, plaintiff argues that the District Court erred in granting defendants' motion for summary judgment.  We write to address plaintiff's argument that the District Court erred in concluding that she was not eligible for overtime pay because she fell within the so-called "administrative exemption" to the FLSA.  29 U.S.C. § 213(a)(1).

In a related but separately filed summary order, we dispose of Reiseck's other claims.

**BACKGROUND**

The following facts are not in dispute for the purposes of this appeal.

In September 2002, Reiseck began working as a Regional Director of Sales at Universal in New York City.  As Regional Director of Sales, Reiseck was responsible for generating advertising sales in the northeastern United States and Canada from the travel and finance sectors for Universal's magazine publication, *Elite Traveler*.  While an employee of Universal, Reiseck was paid a

---

[1] Defendant Gollan was Universal's President and Reiseck's supervisor; defendant Ruderman was Universal's Chairman and majority owner; defendant Lurie was Universal's Vice-Chairman and an officer of Blue Horizon, the parent company of Universal; and defendant Bernstein was Universal's Chief Financial Officer.

base salary plus certain commissions. Plaintiff was paid no overtime during her tenure with Universal.

*Elite Traveler* is distributed on a complimentary basis. Advertising sales therefore constitute the majority of Universal's revenue from *Elite Traveler*. The magazine had a sales staff, a marketing staff, and an editorial staff. The sales staff sold advertising space; the marketing staff created promotional material to increase advertising sales; and the editorial staff produced the "content" of the magazine.

Reiseck's was fired from Universal in February 2004. In May 2004, Reiseck filed a lawsuit against defendants Universal and Gollan in the Supreme Court of the State of New York, New York County, alleging that defendants discriminated against her based on her sex and recreational activities in violation of New York state and New York City law. She later amended her complaint to include claims under the FLSA and New York Labor Law ("NYLL"). She also named several additional defendants. Following the filing of Reiseck's amended complaint, all defendants removed the action to the Southern District of New York.

After discovery in the District Court was completed, defendants moved for summary judgment. Plaintiff cross-moved for partial summary judgment with respect to her claims for overtime pay pursuant to the FLSA and NYLL. The District Court granted defendants' motion for summary judgment and denied plaintiff's cross-motion for summary judgment. Plaintiff now appeals.

**DISCUSSION**

On appeal, Reiseck argues that the District Court erred in granting summary judgment for defendant on all claims. We address here only plaintiff's argument that the District Court erred in

4

granting summary judgment for defendant on her claims for overtime pay under the FLSA and NYLL. Specifically, we consider whether an advertising salesman is an administrative employee for the purposes of the FLSA and thus is exempt from the overtime provisions of the FLSA.

## A. Standard of Review

We review an order granting summary judgment *de novo*, drawing all factual inferences in favor of the non-moving party. *See, e.g.*, *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 274 (2d Cir. 2009). Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(c). Furthermore, we review a District Court's interpretations of administrative regulations *de novo*. *See Anderson v. Rochester-Genesee Reg'l Transp. Auth.*, 337 F.3d 201, 207 (2d Cir. 2003).

Specialized principles apply to our review of a district court's construction of the FLSA. Because the FLSA is a remedial law,[2] we must narrowly construe its exemptions. *See, e.g. Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960); *Bilyou v. Dutchess Beer Distribs., Inc.*, 300 F.3d 217, 222 (2d Cir. 2002); *Reich v. State of New York*, 3 F.3d 581, 586 (2d Cir. 1993), *abrogated on other grounds by Seminole Tribe of Fla. v. Florida*, 517 U.S. 44 (1996). Furthermore, the employer invoking the exemption bears the burden of proving that its employees fall within the exemption. *See Bilyou*, 300 F.3d at 222.

---

[2] A "remedial law" is "[a] law providing a means to enforce rights or redress injuries." *Black's Law Dictionary* 1407 (9th ed. 2009).

5

**B.      Fair Labor Standards Act and Related Regulations**

Congress enacted the FLSA in 1938 to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). In that effort, the FLSA imposes numerous "wage and hour" requirements, including the provision at issue here, to ensure that workers are adequately compensated.

Pursuant to the FLSA, employers must pay an employee at a rate of "not less than one and one-half times the regular rate at which he is employed" for any hours worked in excess of forty hours in a given week. *Id.* § 207(a).[3] This general rule does not apply, however, to several types of employees, including "administrative" employees. *Id.* § 213(a)(1).[4] Accordingly, administrative employees, *inter alia*, are exempt from the overtime pay provision of the FLSA. The NYLL, too, mandates overtime pay and applies the same exemptions as the FLSA. N.Y. Comp. Codes R. &

---

[3] This statute provides, in relevant part, as follows:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

[4] This statute provides, in relevant part, that "[t]he provisions of . . . section[ ] [207] . . . shall not apply with respect to . . . any employee employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1).

6

Regs., tit. 12, § 142-3.2 ("[A]n employer shall pay employees [overtime wages] subject to the exemptions of Section 13 of the Fair Labor Standards Act . . . .").

Here, defendant argues—and plaintiff disputes—that Reiseck was an administrative employee for the purposes of the FLSA and thus was exempt from its overtime pay provisions. Under rules promulgated by the Secretary of Labor pursuant to the FLSA, which further define "administrative employee,"[5] there were two separate tests for determining whether an employee is an administrative employee for the purposes of the FLSA: the so-called "long test" for those employees earning less than $250 per week, 29 C.F.R. § 541.2(a)-(e)(2), and the so-called "short test"[6] for those employees earning $250 per week or more, *id.* § 541.2(e)(2) ("[A]n employee [(1)] who is compensated on a salary or fee basis at a rate of *not less than $250 per week* . . . and [(2)] whose *primary duty* consists of the performance of [specific duties outlined earlier] . . . shall be deemed to [be an administrative employee]." (emphasis added)). *See also Freeman v. Nat'l Broad. Co.*, 80 F.3d 78, 82-84 (2d Cir. 1996) (describing the two tests in the professional context). There is no dispute that Reiseck was compensated on a salary basis of "not less than $250 per week," 29 C.F.R. § 541.2(e)(2), and thus the short test applies here.

---

[5] The Secretary amended the relevant regulations in 2004—effective on August 23, 2004, months after Reiseck left Universal. Retroactivity, however, "is not favored in the law," and thus administrative rules do not have retroactive effect unless their language explicitly requires retroactive application. *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988). Because the language of the 2004 amendments to the relevant regulations does not require retroactive effect, we rely on the regulations as they were written while Reiseck was employed by Universal. Accordingly, all of our references are to the 2002 regulations, unless otherwise noted.

[6] The terms "long test" and "short test" have become terms of art in our FLSA jurisprudence. As the terms suggest, the long test has more requirements than the short test. As we explained in *Freeman v. National Broadcasting Co.*, the "short test" is a "simpler and more inclusive test," and the requirements of the "long test" are "substantially harder to meet than [those of] the short test." 80 F.3d. 78, 84 (2d Cir. 1996).

Under the short test as it applies here, an employee falls under the administrative employee exemption if the employee is paid on a salary or fee basis at a rate of not less than $250 per week (i.e., the "salary test"), *id.* § 541.2(e)(2), and the employee's "primary duty consists of . . . the performance of office or nonmanual work directly related to management policies or general business operations of his employer," *id.* § 541.2(a), and requires "the exercise of discretion and independent judgment," *id.* § 541.2(e)(2), (i.e., the "duties test"). As noted above, there is no dispute that Reiseck's employment satisfies the salary test prong of the short test.

Because the first prong of the short test is not in dispute, we move to the second prong—the duties test. Here, it is uncontested that Reiseck's primary duty consisted of "the performance of office or non-manual work"; therefore we must consider whether Reiseck's primary duty was "directly related to management policies or general business operations" of Universal. *Id.* § 541.2(a).

The phrase "directly related to management policies or general business operations" is not self-defining, and the Secretary of Labor has promulgated interpretive regulations to aid our application of this test. *See, e.g.*, *id.* § 541.2. Although the Secretary's *legislative* regulations—those promulgated pursuant to an express grant of authority by Congress, like 29 C.F.R. § 541.2—have the power to control courts' reading of the law, the Secretary's *interpretive* regulations have only the power to persuade courts. *See Skidmore v. Swift & Co.*, 323 U.S. 134, 139-40 (1944). *See generally United States v. Mead Corp.*, 533 U.S. 218 (2001). And thus we defer to the Secretary's interpretative regulations only to the extent that we find them persuasive. *See Skidmore*, 323 U.S. at 140.

In its interpretive regulations, the Department of Labor describes "directly related to management policies or general business operations" in several ways. First, the interpretive rules

8

state that the phrase at issue "describes those types activities relating to the administrative operations of a business as distinguished from 'production' or, in a retail or service establishment, 'sales' work." 29 C.F.R. § 541.205(a). They also state that "the phrase limits the exemption to persons who perform work of substantial importance to the management or operation of the business." *Id.* Alternatively, the interpretive rules state that the administrative operations include "advising the management, planning, negotiating, representing the company, purchasing, promoting sales, and business research and control." *Id.* § 541.205(b).

At first glance, the two definitions of the phrase "directly related to management policies or general business operations" in the interpretive regulations seem to point to contradictory conclusions in Reiseck's case. On the one hand, plaintiff was a salesperson responsible for selling specific advertising space, and so seems to fit comfortably on the "sales" side of the administrative/sales divide. *See id.* § 541.205(a). On the other hand, Reiseck also "promoted sales" in some sense, and thus seems to have performed administrative operations. *See id.* § 541.205(b). We are required to resolve this apparent contradiction. Whether advertising salespersons are administrative employees for the purposes of the exemptions to the FLSA's overtime pay provisions is a question of first impression for this Court. In answering this question, we also refine our interpretation of the administrative exemption to the FLSA.

First, we consider the Department's distinction between "administrative" and "sales." As a magazine publisher, Universal is not one of the archetypal businesses envisaged by the FLSA; it is neither a manufacturer nor a retailer. Accordingly, placing Reiseck's work into either the administrative or sales category is difficult initially. Nevertheless, a careful consideration of Universal's business model provides some clarity. Because Universal does not charge readers for

9

*Elite Traveler*, advertising sales are a critical source of revenue for Universal. One could thus conclude that advertising space is Universal's "product." If advertising space is Universal's product and Reiseck's primary duty was the sale of that product, then she may reasonably be considered a sales employee, rather than an administrative employee.

Next, we consider the contradictory conclusion suggested by the second description found in the interpretive regulations—namely, that administrative operations include "promoting sales." 29 C.F.R. § 541.205(b). Because Reiseck sold advertising space, it seems that she must have "promoted sales." But under that theory, any sales clerk in a retail store would "promote sales" when assisting potential customers, and there would be no administrative/sales distinction in a retail store despite the clear assertion of the interpretive rule that sales work in a retail store is *not* administrative work for the purposes of the FLSA. *Id.* One of our sister circuits has provided some helpful guidance on this matter. In *Martin v. Cooper Electric Supply Co.*, 940 F.2d 896, 905 (3d Cir. 1991), the Third Circuit reasoned that sales promotion "consists of marketing activity aimed at promoting (i.e., increasing, developing, facilitating, and/or maintaining) customer sales *generally*." According to the logic of the Third Circuit, which we now adopt, an employee making specific sales to individual customers is a salesperson for the purposes of the FLSA, while an employee encouraging an increase in sales generally among all customers is an administrative employee for the purposes of the FLSA. Consider a clothing store. The individual who assists customers in finding their size of clothing or who completes the transaction at the cash register is a salesperson under the

10

FLSA, while the individual who designs advertisements for the store or decides when to reduce prices to attract customers is an administrative employee for the purposes of the FLSA.[7]

Here, Reiseck is plainly a salesperson. Although she did "develop new clients" with the goal of increasing sales generally, this was not her primary duty. Under the interpretive regulations, an employee's "primary duty" is the duty that consumes a "major part, or over [fifty] percent, of the employee's time." 29 C.F.R. § 541.103 (defining "primary duty" for the executive employee); *see also* 29 C.F.R. § 541.206 (applying the definition of "primary duty" for the executive employee to the administrative employee). The record shows that Reiseck's primary duty was to sell specific advertising space to clients. Even Gollan, plaintiff's supervisor, conceded that Reiseck was a member of the "sales staff" and not the "marketing staff."[8] Because Reiseck's primary duty was the sale of advertising space, she is properly considered a "salesperson" for the purposes of the FLSA and therefore does not fall under the administrative exemption to the overtime pay provisions of the FLSA.

Recent amendments to the interpretive regulations provide helpful guidance to support our conclusion above. Although these interpretive regulations do not apply retroactively, *see ante* note 5, (and even if they did apply retroactively, we need not consider them if we find them unpersuasive, *see Skidmore*, 323 U.S. at 140), we nevertheless note that the new regulations reach the same

---

[7] Any individual in a managerial role, whether a manager of a sales or marketing staff, may be considered an "executive" under the FLSA and therefore exempt from the overtime pay requirements. *See* 29 U.S.C. § 213(a)(1). Because the executive exemption is not at issue in this case, we do not consider how we would classify managers under the FLSA.

[8] Although there is no special legal significance to a company's label for its staff, these labels may prove useful as a court endeavors to understand the scope of an employee's duties in that particular trade or industry.

11

conclusion that we reach above. When providing examples of employees who fall under the administrative exemption, the interpretative regulations state that an employee in the financial sector whose primary duty includes "marketing, servicing, or promoting the employer's financial products" likely falls under the administrative exemption. 29 C.F.R. § 541.203(b) (2004). But, the regulations then specify that "an employee whose primary duty is *selling financial products* does not qualify for the administrative exemption." *Id.* (emphasis added). For example, if a bank employee, acting within the scope of her primary duty, encourages a customer to open a money market account while she opens a checking account for that customer, she would not likely be an administrative employee because she simply was selling a financial product. If, however, an employee's primary duty included deciding which interest rates to offer to encourage customers to open money market accounts, then that employee would likely be considered an administrative employee, because she was "marketing . . . or promoting" the financial products.[9] Universal's sale of advertising space is similar to a financial services company's sale of financial products. Neither fits neatly within the traditional retail sales model, yet both are standard products sold directly to clients. Additionally, the new interpretative regulations confirm the Third Circuit's construction that the phrase "promoting sales" means actions aimed at increasing sales generally, rather than at making sales to individual customers.

Because Reiseck's primary duty is not administrative, she cannot fall under the administrative exemption to the overtime pay provisions of the FLSA. Our inquiry ends there—we need not inquire whether her work requires "the exercise of discretion and independent judgment," because

---

[9] These examples serve only as illustrations of the general concept. They do not indicate how we would decide other cases that may come before us.

12

the short test requires *both* that the employee's primary duty be administrative *and* that the employee's work involves the use of discretion. 29 C.F.R. § 541.2(e)(2).

## C.      Other Exemptions Under the FLSA

Defendants also argue that Reiseck is exempt from the overtime pay provisions of the FLSA because she was an "outside salesperson" pursuant to 29 U.S.C. § 213(a)(1) or, alternatively, because she was a "commissioned salesperson" pursuant to 29 U.S.C. § 207(i). The District Court did not consider these alternative arguments because it concluded that Reiseck was exempt from the overtime pay provisions of the FLSA as an administrative employee. We decline to consider these arguments at this time; rather we remand to the District Court to consider them in the first instance.

## CONCLUSION

For the reasons stated above, we conclude that the District Court erred in finding that Reiseck fell under the administrative exemption to the overtime pay provision of the FLSA and NYLL. Accordingly, we **VACATE** the judgment of the District Court insofar as it granted summary judgment for defendants on the issue of overtime pay under the FLSA and NYLL. We **REMAND** the cause to the District Court (1) with instructions to reconsider plaintiff's motion for partial summary judgment in light of this opinion (and its related summary order) and (2) for any further proceedings that may be required.