Rivera v. Anjost Corp., Joseph Zaro

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of April, two thousand sixteen.

PRESENT: DENNIS JACOBS,
                PETER W. HALL,
                GERARD E. LYNCH,
                                <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

**LOUIS RIVERA,**
        <u>Plaintiff-Appellant</u>,

        **-v.-**                                    15-2143

**ANJOST CORPORATION, JOSEPH ZARO,**
        <u>Defendants-Appellees</u>.
- - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**                    Robert S. Powers, Law Office of
                                      Robert S. Powers, North Babylon,
                                      New York.

**FOR APPELLEES:**                    Michael J. Volpe, Adam G.
                                      Possidente, Venable LLP, New
                                      York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cedarbaum, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Louis Rivera appeals from the order of the United States District Court for the Southern District of New York (Cedarbaum, <u>J.</u>) granting summary judgment in favor of his former employers, defendants Anjost Corporation and Joseph Zaro. Rivera alleges that defendants failed to pay overtime wages as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 <u>et seq.</u>, and New York Labor Law ("NYLL") Article 19, § 650 <u>et seq.</u> The district court determined that there was no dispute of fact as to Rivera's status as an exempt executive employee under the FLSA and NYLL. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

To be classified as an executive employee exempt from the FLSA's overtime requirements, the "employee's work must satisfy both a duties requirement and a salary requirement." <u>Anani v. CVS RX Servs., Inc.</u>, 730 F.3d 146, 147 (2d Cir. 2013). As to the latter, the employee must be paid at least $455 per week on a "salary basis." 29 C.F.R. §§ 541.100(a)(1), 541.600(a); <u>see also</u> 29 C.F.R. § 541.602(a). Under the NYLL, Rivera must have been paid a salary of at least $536.10 (before July 24, 2009) and $543.75 (on and after July 24, 2009) per week. N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.14(c)(4)(i)(e).

Rivera concedes that the duties requirement is satisfied, but contends that he was not paid on a "salary basis" because he received "differing amounts each week based upon the number of days he worked." Br. of Appellant at 5. This argument lacks merit. The undisputed evidence shows that Rivera always received regular weekly compensation for five days (or less) of work per week. Rivera introduced no evidence that he ever received less than that standard weekly amount. Indeed, Rivera repeatedly admitted that he was paid a salary, and admitted that he was paid for sick, vacation, and personal days. Rivera was provided additional compensation for weeks that he worked an

additional (sixth) day, in the amount of one-fifth his usual weekly pay.[1]  However, additional compensation for additional work does not impair exempt status.  To the contrary:

> [a]n employer may provide an exempt employee with additional compensation without losing the exemption or violating the salary basis requirement, if the employment arrangement also includes a guarantee of at least the minimum weekly-required amount paid on a salary basis. . . . [T]he exemption is not lost if an exempt employee who is guaranteed at least $455 each week paid on a salary basis also receives additional compensation based on hours worked for work beyond the normal workweek.  Such additional compensation may be paid on any basis (e.g., flat sum, bonus payment, straight-time hourly amount, time and one-half or any other basis), and may include paid time off.

29 C.F.R. § 541.604(a).  The same principle applies to the NYLL.  See Ramos v. Baldor Specialty Foods, Inc., 687 F.3d 554, 556 n.1 (2d Cir. 2012) (discussing "only the FLSA" because "[t]he NYLL '. . . applies the same exemptions as the FLSA'" (quoting Reiseck v. Universal Commc'ns of Miami, Inc., 591 F.3d 101, 105 (2d Cir. 2010))).  Rivera thus was compensated on a salary basis, and was exempt from otherwise applicable overtime provisions by virtue of his status as an executive employee.

Rivera also invokes § 195(1) of the NYLL, which establishes notice and record-keeping requirements.  But Rivera does not bring any claim against defendants for failure to provide required wage notices; and the alleged lack of a wage notice does not create a dispute of material fact as to his salaried, exempt status.

---

[1] For a week that Rivera worked seven days, he received extra pay in the amount of two-fifths his weekly compensation.

For the foregoing reasons, and finding no merit in Rivera's other arguments, we hereby **AFFIRM** the judgment of the district court.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK