15-2460-cv
Domenech v. Parts Authority, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 17th day of June, two thousand sixteen.

Present:      ROSEMARY S. POOLER,
             RAYMOND J. LOHIER, JR.,
             SUSAN L. CARNEY,
                   *Circuit Judges*.

_____

ROY DOMENECH,

                   *Plaintiff-Appellant*,

          v.                                              15-2460-cv

PARTS AUTHORITY, INC.,

                   *Defendant-Appellee*.

_____

Appearing for Appellant:      Abdul K. Hassan, Queens Village, NY.

Appearing for Appellee:       Douglas E. Rowe, Certilman Balin Adler & Hyman, LLP, East Meadow, NY.

Appeal from the United States District Court for the Eastern District of New York (Glasser, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **VACATED** and the case is **REMANDED**.

Plaintiff-appellant Roy Domenech appeals from the August 3, 2015 memorandum and order of the United States District Court for the Eastern District of New York (Glasser, *J.*), granting summary judgment to defendant-appellee Parts Authority, Inc., on Domenech's claims of violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and the New York Labor Law ("NYLL"), Art. 6, § 190, et seq., and Art. 19, § 650, et seq. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Domenech first argues that he is entitled to summary judgment because Parts Authority waived the right to raise the affirmative defense that Domenech falls under the FLSA's outside salesperson exemption by failing to plead the affirmative defense with particularity. Even if Parts Authority did not plead the affirmative defense at all, it could raise the defense for the first time at summary judgment, so long as there was no showing of prejudice or bad faith. *See Curry v. City of Syracuse*, 316 F.3d 324, 330-31 (2d Cir. 2003); *Block v. First Blood Assocs.,* 988 F.2d 344, 350 (2d Cir. 1993); *see also Smith v. Sushka*, 117 F.3d 965, 969 (6th Cir. 1997); *Magana v. Com. of the N. Mariana Islands*, 107 F.3d 1436, 1446 (9th Cir. 1997). Domenech has not alleged bad faith on the part of Parts Authority, and his claims of prejudice are unavailing. Domenech claims that he did not seek certain relevant discovery because he was operating under the assumption that Parts Authority had waived the right to raise the outside salesperson exemption. But the record demonstrates that Domenech was aware that Parts Authority intended to assert this affirmative defense no later than September 3, 2014, months before fact discovery closed. Because Domenech did not show prejudice or bad faith, Parts Authority would be entitled to raise this affirmative defense for the first time at summary judgment, even if Parts Authority failed to adequately plead the affirmative defense. Domenech therefore is not entitled to summary judgment on his claims.

However, contrary to the district court, we find genuine disputes as to material facts that must be resolved by a jury. Under the FLSA and the NYLL, covered employers must pay an employee who has a "workweek longer than forty hours . . . compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1); *see also* N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2. But, as is relevant here, the overtime rules do not apply to "any employee employed . . . in the capacity of outside salesman." 29 U.S.C. § 213(a)(1). "Because the FLSA is a remedial law, [courts] must narrowly construe its exemptions." *Reiseck v. Universal Commc'ns of Miami, Inc.*, 591 F.3d 101, 104 (2d Cir. 2010) (footnote omitted). Moreover, an employer bears the burden of establishing that an exemption applies. *See Young v. Cooper Cameron Corp.*, 586 F.3d 201, 204 (2d Cir. 2009).

As is relevant here, an outside salesman is an employee whose "primary duty" is "making sales" and who is "customarily and regularly engaged away from the employer's place or places of business in performing such primary duty." 29 C.F.R. § 541.500(a). The FLSA's implementing regulations list four non-exclusive factors to be considered in determining an

employee's primary duty: "the relative importance of the exempt duties as compared with other types of duties; the amount of time spent performing exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee." *Id.* § 541.700(a). The regulations further instruct that "work performed incidental to and in conjunction with the employee's own outside sales or solicitations, including incidental deliveries and collections, shall be regarded as exempt outside sales work," and that "[o]ther work that furthers the employee's sales efforts also shall be regarded as exempt work including, for example, writing sales reports, updating or revising the employee's sales or display catalogue, planning itineraries and attending sales conferences." *Id.* § 541.500(b).

While the record contained evidence tending to show that Domenech fit into the outside salesperson exemption, the district court erred in dismissing Domenech's testimony that his primary duty was to service, install, and inspect equipment and that any sales were incidental to this work. Although "a party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony," *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 482 (2d Cir. 2014) (quoting *Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996)), we do not conclude that Domenech's affidavit directly contradicted his deposition testimony, *see Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 22-23 (2d Cir. 2014) (explaining that the contradiction must be "real, unequivocal, and inescapable"). Nor do we conclude that his deposition testimony is so patently unreliable that it could not be given any weight by a reasonable juror. This case inherently involves credibility determinations that should be resolved by a jury. The district court erred in picking between competing plausible inferences that could have been drawn from the evidence submitted, and the court therefore erred in granting summary judgment to Parts Authority.

We have considered the remainder of Domenech's arguments and find them to be without merit. Accordingly, the order of the district court hereby is VACATED, and the case is REMANDED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk