Watabe v Ci:Labo USA, Inc. (2019 NY Slip Op 00354)





Watabe v Ci:Labo USA, Inc.


2019 NY Slip Op 00354


Decided on January 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2019

Renwick, J.P., Manzanet-Daniels, Gische, Mazzarelli, Kahn, JJ.


110302/08 8125 8124

[*1]Tomoko Watabe, et al., Plaintiffs-Respondents,
v
Ci:Labo USA, Inc., Defendant-Appellant, Yoshinori Shirono, et al., Defendants.


Ronald G. Schneider, New York, for appellant.
Michael G. O'Neill, New York, for respondents.



Order, Supreme Court, New York County (Richard F. Braun, J.), entered August 16, 2016, which, insofar as appealed from, denied defendant Ci:Labo USA, Inc.'s motion for summary judgment dismissing plaintiffs Watabe's and Saito's claims for overtime pay, and order, same court (Anthony Cannataro, J.), entered February 8, 2018, which, upon renewal, denied defendant's motion for summary judgment dismissing plaintiffs Otani's and Sugioka's claims for overtime pay, unanimously affirmed, with costs.
The court correctly found, upon renewal, that plaintiffs Sugioka's and Otani's affidavits in opposition to defendant's motion were admissible. The fact that Sugioka and Otani, as well the other plaintiffs, testified at a deposition with the assistance of a Japanese translator does not preclude them from drafting their affidavits in English, and, accordingly, their affidavits did not need to be accompanied by an affidavit by a Japanese translator. Otani's affidavit that was personally served on defendant was not otherwise inadmissible on the ground that it contained an electronic signature (State Technology Law § 304[2]).
The record does not demonstrate as a matter of law that any of the plaintiffs fall within an exemption from overtime pay regulations (see Labor Law § 650 et seq.; 12 NYCRR 142-2.1, 142-2.4, 142-2.6; see also 29 USC § 201 et seq.). There is no conclusive documentary evidence establishing that an exemption applies, and there are conflicts between plaintiffs' descriptions of their work and defendant's general managers' descriptions of plaintiffs' work (see Reiseck v Universal Communications of
Miami, Inc., 591 F3d 101, 104 [2d Cir 2010]; Thomas v Meyers Assoc., L.P., 39 Misc 3d 1217[A], 2013 NY Slip Op 50650[U] [Sup Ct, NY County 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 17, 2019
CLERK